WILLIAM MESTER, Administrator of the Estate of WILLARD
W. BALLOU, Appellant, v. A. C. ZAISER.

**Malpractice:** NEGLIGENCE: DAMAGES: INSTRUCTIONS.   In this action for
1   malpractice by an administrator, in which he is seeking to recover
for the death of his intestate and for medical and hospital expenses,
the court erroneously and in unequivocal language told the jury
that there could be no recovery unless the death of the intestate was
caused by the negligent act or acts of defendant.   *Held*, that the
jury is presumed to have followed the positive direction in the in-
struction and to have disallowed plaintiff's claim for expenses,
although in another paragraph an allowance of the expenses of

an operation and hospital charges was authorized, if rendered necessary by defendant's negligence.

**Instructions:** WAIVER OF OBJECTIONS. Where a party is given timely opportunity to have a supposed error in an instruction to which he has objected corrected, but declines the court's offer to correct the same, and nothing further is done about it, he cannot complain on appeal.

*Appeal from Des Moines District Court*—HON. W. S. WITHROW, Judge.

WEDNESDAY, APRIL 7, 1909.

REHEARING DENIED TUESDAY, SEPTEMBER 28, 1909.

THE defendant is a physician and surgeon, and this is a suit to recover damages for malpractice. There was a trial to a jury and a verdict and judgment for the defendant, from which the plaintiff appeals.—*Reversed.*

*Seerley & Clark,* for appellant.

*Blake & Wilson,* for appellee.

SHERWIN, J.—The petition alleged negligence of the defendant in treating the plaintiff's intestate and in performing a surgical operation upon him, and that death resulted from such negligence. The petition alleged more in detail that three surgical operations were performed upon the deceased, that the two first operations were performed by the defendant, and that a third operation was rendered necessary by the unskillful performance of the second operation. The petition then alleged that, by "reason of the careless, negligent, unskillful and unscientific operations of the defendant upon said Ballou, the said Ballou was obliged to and did employ another physician and surgeon to treat and care for the said Ballou, and that

he paid therefor the sum of $368, all of which would have been unnecessary had the said defendant not been guilty of negligence and carelessness as hereinbefore charged." The petition further alleges, in substance, that as a consequence of the negligence of the defendant the deceased was obliged to and did pay out a sum of money for hospital attendance which would have been unnecessary had the defendant properly performed the previous operations. There was evidence tending to support these allegations of the petition.

In stating the issues to the jury, the trial court practically adopted the language of the petition, but of this no complaint is made. In the second instruction the jury was told: "Under the issues raised by the pleadings, the burden of proof is upon the plaintiff, before he can recover, to establish by the greater weight or preponderance of the evidence the following ultimate facts: First, that in the treatment of Willard Ballou the defendant was negligent in one or more of the ways claimed; second, that the death of Willard Ballou resulted from such alleged negligence in treatment; third, that there was no negligence on the part of Willard Ballou or on the part of others than the defendant who assisted in the care of him which in any manner contributed to his death. All the above ultimate facts must be found by you in the affirmative before the plaintiff can recover." Following this statement, the trial court called the jury's attention to the specific acts of negligence charged against the defendant in the petition, and, following that in the last paragraph of instruction four, said: "If it has been shown by the fair preponderance of the evidence that some one or more of said alleged acts or omissions were committed by the defendant, and if it is also so shown that they constituted negligent treatment by the defendant, you should then further inquire if it has been shown by the fair preponderance of evidence that

the death of Willard Ballou resulted from such negligence of the defendant." Again, in instruction 7, it was said: "Even if you should find by the preponderance of the evidence that the defendant was negligent in some one or more of the respects charged, unless you also find that the death of Willard Ballou resulted from· such negligence, then the plaintiff cannot recover." The following language was also used in instruction eight: "It is not only incumbent upon the plaintiff to show, before there can be a recovery in this action, that the defendant was negligent in the manner charged in some one or more of the ways set out in the petition, and that by reason of such negligence the death of Willard W. Ballou resulted, but the plaintiff," etc. In instruction twelve, after calling the jury's attention to the degree of skill required of the defendant as a member of the medical profession and other matters not material to our present discussion, the following language was used: "Or if you are unable to determine whether it was negligence on the part of the defendant as charged, or such diseased condition, if it existed, which caused the death of Willard Ballou, then you could not find the defendant liable." So again, in the twentieth instruction, the court said: "If you find from the evidence that the defendant was negligent in one or more of the respects claimed, that the death of Willard Ballou resulted directly or proximately from such negligence, without negligence on the part of others contributing thereto, it will then become your duty to determine the amount of damages."

It will readily be seen from the quotations which we have made that recovery on the part of the plaintiff was made entirely dependent upon the finding of the jury that the death of Ballou was caused by the negligent act or acts of the defendant. In all of the instructions up to this point where the question of liability is touched upon, it is a liability arising from the defendant's death, and for nothing else. However, in one of the later paragraphs of

instruction twenty, from which we have already quoted, this language was used: "If you find by the fair preponderance of the evidence that from the negligence of the defendant, as charged, and that without other acts, causes or conditions contributing thereto, there was rendered necessary the operation by Dr. Magee and the hospital charge in connection with the same, then the plaintiff will be entitled to recover such amounts, if any, as were reasonably and necessarily expended for such purpose as the same may have been shown by the proof, not exceeding the amount claimed for such items." The appellant contends, and we think it must be conceded, that the instructions preceding the twentieth were erroneous because they based the plaintiff's right to recover solely upon proof that his death had been caused by the negligence of the defendant. But the appellee contends that the portion of the twentieth instruction last above quoted cured this error in the previous instructions, and told the jury in unmistakable language that the plaintiff might recover for the expenses of the third operation and for the hospital expenses whether the defendant was found liable for the death of the plaintiff's intestate or not. We are constrained to say that the confusion in the instructions was such as to easily mislead the jury. The court had told the jury in positive and unmistakable language that there could be no recovery at all unless death resulted from the defendant's negligent acts, and it is to be presumed that the jury followed such instructions. The quoted paragraph of the twentieth instruction does not negative the positive direction in that respect, and the jury may well have ·found that it should allow for the medical and hospital expenses ·caused by the third operation only if it found that Ballou's death was the result of the defendant's‹ negligence.

After the court had given the instructions and the jury had retired with them, the plaintiff's attorney called

the judge's attention to the second instruction, and stated that he thought there had been an error therein. After thinking the matter over for some time, the judge called the attention of the defendant's attorney to the matter, and the attorney consented to a modification of instruction two to meet the objection of the plaintiff thereto. Plaintiff's attorney was advised of this and of the willingness of the trial court, to so modify said instruction as to avoid plaintiff's objection thereto, but plaintiff's attorney declined to have the instruction modified at that time, and nothing further was done about the matter. If instruction two contained the only error relative to the plaintiff's right to recover under the issues presented, we should feel disposed to hold that the plaintiff had waived his right to rely upon error in the second instruction. The due administration of justice and fair treatment of the trial court should estop the plaintiff from now claiming that he was prejudiced by the instruction. When an opportunity was offered for correcting the supposed error, we think it was the duty of all parties to have the error corrected, and, having objected thereto, the plaintiff is now in no situation to complain. But, if instruction two had been corrected as suggested by the trial judge, there would still have been prejudicial error in the other instructions to which we have referred, and we are unable to see how a change in instruction two could accomplish anything more than adding greater confusion to the instructions as a whole.

We think the case should be reversed for the error which we have pointed out, and it is so ordered.—*Reversed.*